UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN KENDELL BOONE,

        Plaintiff,

v.

UNKNOWN GRANT et al.,

        Defendants.
_____/

Case No. 2:19-cv-97

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff Kevin Kendell Boone is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan.

The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Michigan. Plaintiff sues the following MDOC employees at MBP: Warden Erica Huss; Assistant Deputy Warden (ADW) Unknown Denbeste; LPN Unknown Grant; Registered Nurses Unknown Negrinelli and D. Carlson; Housing Unit Manager (HUM) C. Scott; Prisoner Counselor (PC) Unknown Cody; and Assistant Resident Unit Manager (ARUM) Unknown Laitinen.

Plaintiff alleges that in February 2019 he was confined in segregation at MBP due to the fact that he assaulted a staff member at the prison. On the morning of February 5, 2019, LPN Grant gave him the wrong medication. She gave him 600 mg of Tegretol and 112 mcg of Levothyroxine.[1] About an hour later, Nurse Negrinelli informed Plaintiff that he had received the wrong medication. Soon after, Plaintiff began to experience stomach pain, constipation, and vision problems. He also began to spit up blood. Plaintiff sent kites requesting medical care.

Plaintiff also filed a grievance, ostensibly about the fact that he had received the wrong medication. On February 26, he received a step I grievance response from Nurse Carlson, reviewed by HUM Scott, stating that Plaintiff had received the wrong medication due to an "accidental error." (Compl., ECF No. 1, PageID.4.)

On February 27, at a segregation behavior review hearing, Plaintiff told Warden Huss, ADW Denbeste, PC Cody, and ARUM Laitinen about how he was "being treated." (*Id.*) They did nothing to correct the issue.

Plaintiff contends that he has sent several kites requesting treatment for his symptoms, but the only thing medical staff have done is draw his blood.

---

[1] Plaintiff does not indicate what he should have received.

As relief, Plaintiff apparently seeks monetary damages and a finding that Defendants have violated his constitutional rights.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff's allegations arguably implicate his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80

4

(6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). In other words, an Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. To satisfy the subjective component, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent to harm, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 839; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994). Rather, what is required is a conscious disregard

of a substantial risk of harm. *Farmer*, 511 U.S. at 839. "When a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

### A. Nurse Grant

Plaintiff fails to state an Eighth Amendment claim against Defendant Grant because he alleges no facts from which to infer that Grant consciously disregarded a substantial risk of serious harm to Plaintiff. In other words, the allegations do not suggest that Grant's actions amounted to anything more than a mistake. The fact that Grant gave Plaintiff the wrong medication on one occasion is not sufficient to show deliberate indifference to Plaintiff's health or safety. *See Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011) (affirming dismissal of claim that prison nurse gave the prisoner-plaintiff the wrong medication because the complaint "allege[d] no facts suggesting that [defendant's] incorrect administration of Dilantin was anything other than negligent").

### B. Nurse Negrinelli

Plaintiff likewise fails to state a claim against Defendant Negrinelli, who informed Plaintiff that he had received the wrong medication about an hour after the fact. In other words, Negrinelli provided helpful information to Plaintiff. Plaintiff does not allege that Negrinelli denied him treatment or ignored his symptoms, which arose after Negrinelli met with Plaintiff. Thus, Negrinelli was not deliberately indifferent to Plaintiff's needs.

### C. Nurse Carlson, HUM Scott

Defendants Carlson and Scott allegedly reviewed Plaintiff's grievance about receiving the wrong medication, and they responded that Grant's actions were the result of an

accidental error.  Plaintiff does not allege that Defendants Carlson and Scott were deliberately indifferent to his medical needs.  He does not allege that he informed them of ongoing symptoms that needed treatment and that they denied him further care.  Thus, he does not state an Eighth Amendment claim against them.

Moreover, Defendants Carlson and Scott are not liable under § 1983 for the actions of other prison officials.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Liability under § 1983 may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Carlson and Scott engaged in any active unconstitutional behavior.  Thus, he fails to state a claim against them.

### D. Warden Huss, ADW Denbeste, PC Cody, ARUM Laitinen

For similar reasons, Plaintiff fails to state a claim against Defendants Huss, Denbeste, Cody, and Laitinen.  Plaintiff allegedly complained to them about how he was "being treated" and they failed to take corrective action.  However, as stated with respect to Defendants

7

Carlson and Scott, Defendants are not liable under § 1983 for failing to correct the actions of medical staff or other prison officials. *See Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. They are liable only for their own unconstitutional actions. Plaintiff does not allege any unconstitutional conduct by Defendants Huss, Denbeste, Cody or Laitinen. Indeed, it is not clear what Plaintiff told them or what they should have done to correct the situation. Accordingly, Plaintiff fails to state a claim against these Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  June 12, 2019                             /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge